No. 3757

Second Circuit

JACKSON v. HOLLOWAY

(June 2, 1930. Opinion and Decree.)

Hugh Tullis, of Vidalia, attorney for plaintiff, appellee.

Gilbert P. Bullis, of Vidalia, attorney for defendant, appellant.

WEBB, J. Plaintiff brought this action to recover judgment for an alleged balance on the purchase price of certain movables sold to defendant, and for recognition of a vendor's privilege on the property, which was seized under a writ of sequestration.

Defendant admitted that he had purchased the property, but denied that any amount was due, pleading that, at the time of the sale, the Willetts Wood Products Company had agreed to pay the price, and that plaintiff had agreed to accept the obligation of the Willetts Wood Products Company, and had released him, defendant, and he further pleaded that he had paid the Willetts Wood Products Company the full amount due on the purchase price and that the latter had paid plaintiff.

On trial, judgment was rendered in favor of plaintiff for the amount claimed, maintaining the writ of sequestration, and recognizing a vendor's privilege on the property seized, to secure the judgment, and defendant appeals.

Defendant was absent from the state and unable to be present at the trial, and he complains of the ruling of the court in refusing to allow his deposition to be introduced in evidence, and urges that the ruling of the court was erroneous, and that the deposition, which is brought up with the record, should be considered, and, if so, that the evidence established the defense.

Prior to the trial defendant ruled plaintiff to show cause why the deposition should not be introduced in evidence, and on trial the rule was discharged, and the evidence taken on trial of the rule is not in the record, and we presume that the rule was properly discharged, and that the ruling of the court, refusing to permit the deposition to be introduced and read in evidence, was correct. Without considering the deposition of defendant, which was the only evidence offered in support of the defense, it must be conceded that the judgment was correct, and it is therefore affirmed.