ELLIS, Judge.
This is a tort action arising out of a collision on Louisiana Highway 421 near Gonzales, Louisiana, on June 16, 19S9 between a 1958 Ford automobile driven by Mr. Lucien Berteau and a bicycle ridden by Clark Lambert, a minor child fourteen years of age. Emery Lambert, individually and as administrator of the estate of Clark Lambert, brought this direct action against United States Fire Insurance Company, defendant, and insurer of Mr. Lucien Berteau, alleging that the said collision was caused by the negligence of Mr. Lucien Berteau and as a result of such negligence Clark Lambert suffered damages in the amount of $5000.00 for pain and suffering, and Emery Lambert incurred medical and property damages in the amount of $282.68.
The trial court gave judgment in the amount of $2500.00 for pain and suffering, discomfort and residual scar suffered by Clark Lambert; $215.40 for the account of the Charity Hospital of Louisiana as medical expenses; the sum of $42.28 to Emery Lambert for his expenses in transporting his son to the hospital; and the sum of $25.00 to Emery Lambert for damage to the bicycle.
The allegation of plaintiff’s petition upon which he relies for a judgment charged that on the 16th day of June, 1959 at approximately 11:15 A.M. Clark Lambert was riding his bicycle in a southerly direction along the east edge of the north bound traffic lane of Louisiana Highway No. 421 in the Parish of Ascension, and at the same time Lucien Berteau was driving his Ford automobile in a northerly direction on said Highway and that Clark Lambert, upon observing the approach of the Berteau vehicle, turned his bicycle off the highway onto the shoulder of the road and toward the ditch; that Berteau, a mail carrier, diverted his gaze from the highway and the approaching bicycle to the seat of his car in order to pick up the mail for the next stop and that in doing so he swerved his automobile off the highway and onto the shoulder of the road and collided with the bicycle ridden by Clark Lambert, causing the physical injuries and property damage which are the subject of the present suit.
The plaintiff utterly failed to prove the allegations of his petition other than the fact that the bicycle and automobile collided. On the other hand, Lucien Berteau, the defendant testified that the three boys were riding more or less abreast on this highway in the south bound traffic lane and that they saw and observed Lucien Berteau, the mail carrier, driving his automobile in a northerly direction in the opposite or north bound traffic lane which is also the east lane of travel, and that Berteau in turn observed the three boys approaching him riding in the manner described when he was approximately 300 feet from them. Berteau knew *408 these boys and had seen them riding their bicycles on this highway on prior occasions and the boys also knew Berteau and had seen him in his mail delivery driving along this highway on prior occasions'. Berteau had three pieces of mail to place in the next mail box to the north on his route. As was his habit, he kept the mail on the seat beside him in the order of the mail boxes into which it was to be placed, and when he was what he described as a short distance from this mail box he slowed down to approximately ten miles an hour and looked down to the mail on the seat beside him, picked up the three pieces in his left hand, looked up and saw the Lambert boy looking back toward the other bicycle riders and riding in his (Berteau’s) lane of travel and straight into his car. He immediately pulled to the right, applied his brakes in an effort to stop but could not avoid the collision. It is shown that the bicycle struck the automobile just to the right of the left front light. The boy was thrown up on the hood and came up on the windshield and fell off on the left hand side of the car on the pavement. The point of impact was fixed as approximately one to two feet from the east edge of the pavement on the north bound traffic lane. The Berteau car came to rest with the right wheels on the shoulder and the left on the pavement and had proceeded five feet after the point of impact and the bicycle was another five feet in front of the car on the pavement. Berteau went approximately one length of 17 feet from application of his brakes.
We are convinced that young Lambert was looking back, as testified to by Berteau, at his companions and negligently crossed into the opposite lane of travel. The testimony of the investigating trooper as to the point of impact, the position of the automobile immediately after the collision and the physical evidence as to the point of impact between the bicycle and the car beyond a doubt proves that the impact took place on the pavement. Furthermore, young Lambert testified that the last thing he remembered was seeing Mr. Berteau look up and see him. If he had been looking to the front rather than to the rear there was no way that he could have escaped seeing Ber-teau approaching at a close distance. Young Lambert testified that he remembered nothing after seeing Berteau look up which was the time the latter discovered the boy heading straight into his car at a distance of from ten to twenty-four feet. The District Court found that the accident happened substantially as testified to by Mr. Berteau.
The Lower Court in its written reasons for judgment based its decision on the following :
“The issue presented is whether or not Luden J. Berteau was guilty of negligence and whether or not Clark Lambert was guilty of contributory negligence which bars his recovery.
“As we view the jurisprudence, it is negligence on the part of the operator of a motor vehicle who seeing boys on bicycles in front of him or somewhere near the path which his automobile must traverse, to not reduce his speed to a minimum and to keep his attention constantly focused on the boys. It is also negligence for a 14 year old boy to ride his bicycle in his left hand lane of the highway in the face of approaching traffic. However, if the driver of the motor vehicle fails to keep his attention constantly focused on the boys on their bicycles and does not reduce his speed to a minimum, his negligence is regarded the direct and proximate negligence which results in the accident. The negligence of the boy on the bicycle in riding in or too close to the lane of approaching traffic, in the absence of some additional careless act, is not the proximate cause of the resulting accident but a remote cause.”
The lower court also cited and quoted from the cases of Commercial Ins. Co. v. Landry, La.App., 153 So. 61; Zeigler et al. v. Lamantia, 13 La.App. 670, 126 So. 262 and Bosarge v. Spiess & Co., 145 So. 21 *409 in support of the above quoted basis for its •decision.
The lower court readily admits that it was negligence for this 14 year old boy to ride his bicycle into the north bound lane ■of the highway in the face of approaching traffic. The lower court is correct for under these facts young Lambert is presumed to be guilty of negligence unless and until he ■offered facts which would prove a justifiable legal excuse or reason for being in the wrong lane of travel at the moment of the collision. This is so well settled that it needs no citation of authorities.
In all of the above cited cases the motor vehicle was approaching the boy cyclist from the rear. In the Landry case the court, in discussing the facts upon which it '.based its judgment, said:
“In the light of the above authorities we shall turn to a consideration of the evidence. She admits the boy was plainly in view for over a block before she overtook him. At that time there were three other automobiles driving abreast of her which gave her a very ■narrow part of the road in which to pass the bicycle and the other cars. She elected to attempt to pass him under circumstances which would require her to drive very close to the boy. She knew that the street was wet and the tracks slippery, which would have a tendency to cause the rubber tires of the bicycle to skid. We believe that as -a reasonable and prudent driver she should have anticipated that the bicycle might skid. She was following entirely too close to him under the dangerous •conditions that obtained. Prudence and care required her to place her car either under such control that she could instantly stop it or to await a more favorable opportunity in order to drive • around the bicycle. Furthermore the boy did not give any signal that he was .going to turn to his left and defendant in assuming that he might do so was merely guessing. We conclude that she was at fault.
“With reference to the plea of contributory negligence the evidence tends to show that on account of the presence of a number of automobiles the boy was compelled to drive to his left. The boy did not have an opportunity to drive his bicycle to the right for the purpose of permitting the defendant to pass due to the presence of other automobiles on the roadway. There is nothing in the record to show that the boy was carelessly riding the bicycle — -its skidding was unavoidable. But even if he was violating a provision of the traffic ordinance by driving on that side of the street, the defendant had him in plain view for over a block, and therefore his presence on that side of the roadway was not a contributing cause of the accident, because the defendant had it fully within her power by the use of care and caution to avoid injuring the boy. The plea of contributory negligence is without merit.”
Thus we see that the facts are completely different and not apposite to the facts in the case at bar.
In the Lamantia case discussed in the Landry case, the Court had the following to say:
“In the case of Ziegler et al. v. Lamantia, 13 La.App. 70, 126 So. 262, 264, a twelve year old boy was riding on the frame of a bicycle which was being propelled by another boy. The bicycle for some distance had followed a street car going down town and was between the rails of the street car tracks. The defendant in his Dodge coupé was following the bicycle. The street car stopped to discharge passengers, and the bicycle was turned to the left in order to pass the street car, and about the same time the defendant drove the Dodge car in the same direction striking the bicycle and causing the death of the boy. In holding the de *410 fendant liable, we said: ‘It is very evident that the driver of the Dodge coupé was not exercising the care required under the circumstances. Seeing the two boys on one bicycle in front of him, or somewhere near the path which his automobile must traverse, it was his duty to reduce his speed to a minimum and to keep his attention constantly focused on the boys. This he did not do, and, as a consequence, his father, the owner of the automobile, is liable.’ ”
Again we note that the automobile was following the bicycle rider and when a street car stopped to discharge passengers the bicycle turned to the left in order to pass the street car and the defendant drove his car in the same direction, striking the bicycle and causing the death of the boy. In the present case the boy saw Berteau and the latter saw the boys for a distance of at least approximately 300 feet. Berteau did reduce his speed to a minimum and kept his attention focused on the boys until he was close to the mail box, when all of them were riding normally and safely. We do not believe that Berteau was charged with the duty of expecting a 14 year old boy to carelessly ride his bicycle into his lane of travel and directly toward his car at such close proximity that he could not avoid the accident.
In the Spiess company case, supra, a ten year old boy was riding a bicycle a few feet from the right hand curbing and being followed by the truck of the defendants. Because of a parked automobile in front of him, the boy swerved from his course and was struck by defendant’s truck, and killed. The Court, in rendering judgment in favor of the plaintiff, said:
“ * * * the truck driver, seeing a young boy so near to the path of the truck, before attempting to pass, should have made certain that the boy’s attention was directed to the approach of the heavier and more dangerous vehicle and he should have so reduced his speed as to have made it possible to stop, even if at the last moment the boy ahead should, in his excitement, do the unexpected and turn towards the path traversed by the truck.
# ‡ % % % ‡
“Therefore, not only was it dangerous, per se, for the truck to attempt to pass so close alongside the boy, but it was a direct violation of the above-quoted provision of the ordinance for the driver to make the attempt without giving the necessary warning.”
Again the facts are entirely different. It was not necessary to give any warning in this case, as young Lambert had seen the approaching car for several hundred feet, nor was it necessary for him to come into Berteau’s lane.
From the facts in this case, we are of the opinion that young Lambert was guilty of gross contributory negligence'. While the lower court did not discuss the doctrine of last clear chance, it is well settled that the burden of proving the applicability of such a doctrine is upon the party asserting it, in this case, the plaintiff. There is no proof by the plaintiff that Berteau had the last clear chance to avoid this accident. On the contrary the only testimony on this question is that of Berteau himself, and he states that had he been looking at the moment the boy came over into his lane of travel he could not have avoided the accident.
For the above and foregoing reasons, we are of the opinion that the sole proximate cause of the accident and injuries to Clark Lambert was the latter’s gross negligence and that Lucien Berteau was not guilty of any negligence, and the judgment of the District Court is annulled, set aside and reversed and it is now ordered that the suit of the plaintiff be dismissed at his cost.
Reversed.