169 So.2d 200 (1964)
Robert M. PAMPAS, Individually and for the Use and Benefit of His Minor Son, Robert M. Pampas, Jr.,
v.
CAMBRIDGE MUTUAL FIRE INSURANCE COMPANY.
No. 1563.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1964.
Rehearing Denied December 7, 1964.
Writ Refused February 5, 1965.
Tapper, Schuler & Perez, William P. Schuler, Arabi, for plaintiff-appellee.
Adams & Reese, John T. Cooper, New Orleans, for defendant-appellant.
Before McBRIDE, YARRUT and BARNETTE, JJ.
McBRIDE, Judge.
On November 20, 1961, about 7:00 p. m., Robert M. Pampas, Jr., then 18 months of *201 age, was scalded by the contents of an electric operated coffee maker about four hours after arriving at the home of his maternal grandparents, where the child with his mother and his infant brother were house guests. The coffee maker had been placed by the grandfather John Alfonso on a utility table in the kitchen, and it was attached by a cord to an electrical outlet in such a fashion that the cord looped downward and beyond the table. While toddling near the table little Robert somehow grabbed hold of the electric cord pulling the coffee maker from the table onto himself. By this suit Robert M. Pampas, the father, seeks to recover for the use and benefit of the child damages for his physical injuries and to recover for himself reimbursement of medical expenses. The suit is directed against the liability insurer of John Alfonso. Said insured is alleged to have been negligent in the occurrence "in allowing the cord to the coffee pot to hang in such a manner as to make it easily accessible to the minor full well knowing that the minor had a habit of grabbing and pulling on things which were easily accessible to him." Plaintiff recovered judgment for the use and benefit of the child in the sum of $6,500.00 and on his own behalf for $1,013.85. Defendant has appealed therefrom.
The accident took place in the premises 71 Patterson Street, Parish of St. Bernard. The mother and her two children arrived there about 3:00 p. m., and it appears they proceeded to the kitchen where they remained up to the time of the accident. The grandparents also remained in the kitchen until they left the premises to go to the store. Mrs. Pampas states that upon entering the kitchen she went about "and picked up things" so that the children could not molest them. She particularly states that she took the coffee maker which was not then in use and wound around it the cord attached thereto and placed it on the table beyond their reach.
Sometime later John Alfonso, the grandfather, desired to brew coffee. He took the coffee pot and after rinsing it at the sink, filled it with the necessary ingredients and then set it upon the table and attached the cord to the electrical outlet in the wall, leaving the cord hanging beyond the edge of the table. While the coffee was brewing the grandparents left the premises to go to a store, and during their absence and while the mother was alone with the two children in the kitchen the accident happened when the grandparents had been away from the premises about 15 minutes.
We are not impressed with the mother's denial that she did not know that her father had washed the coffee maker and placed it on the table preparatory to brewing coffee or that it was in operation when her parents left. However, that is of no moment. At the time of the accident she was using the telephone and paid but scant attention to her children. Both were on the floor playing and she did not see young Robert venture into close proximity of the table. The first she knew of his presence near the table was when she observed him falling backwards clutching the electric cord.
The question at issue is whether there is a presence of actionable negligence as a matter of law in the actions of John Alfonso making coffee in the manner in which he did.
It has been held in Louisiana that the social guest is an invitee as to whom the duty of the owner of the premises, "is not to insure him against the possibility of accident, but is to exercise reasonable or ordinary care for his safety commensurate with the particular circumstances involved," Crittenden v. Fidelity & Cas. Co., La.App., 83 So.2d 538, at page 540; Alexander v. General Accident Fire & Life Assur. Corp., La.App., 98 So.2d 730 (writs refused).
Reasonable care is that degree of care which a person of ordinary prudence would exercise in the same or similar circumstances. John Alfonso was doing in his home that which he had probably done *202 practically all of his life, that is to brew coffee for himself and his family, using a common household appliance in the usual manner for the purpose. If this court were to hold John Alfonso guilty of negligence in so preparing his coffee because his young grandchild was present, notwithstanding the child was with and in the care and custody of its mother, that would be to make Alfonso insurer of the child's safety. To say that there was negligence in this case would render it imprudent for any householder to make normal use of almost any household appliance while he had in his home as guest a child of tender years, even though the child is under the immediate supervision of a parent or parents.
The host here was not negligent in not foreseeing that the child's mother would not restrain it from venturing near the table. As the late Court of Appeal for the Parish of Orleans stated in Guidry v. Hamlin, 188 So. 662 (writs refused):
"* * * There is nothing dangerous to the normal person in such a rail. There is danger only if there is involved one so young as to be incapable of exercising care, and, in the case of so young a person, everyone is justified in assuming that special attention, or care, or supervision, will be afforded by parents or others in authority."
* * * * * *
"Surely, one * * * may assume that those in authority will protect such young children and will see to it that they are not permitted to wander alone * * *"
* * * * * *
"We do not base freedom from liability upon the contributory negligence of the parents, but solely upon the fact that there is no negligence in the owner of the building in failing to foresee that the parents will not protect their very young children against such dangers."
The Supreme Court of Minnesota aptly said in Paulson v. Jarmulowicz, 128 N.W.2d 763:
"* * * To say that negligence is to be found where a host permits a 2½-year-old child to be present in the kitchen while the meal is being preparedor to stand on a chairor to be near a table on which fluids are placed, is to impose a duty of care inconsistent with accepted patterns of behavior in the home. We do not think negligence can be based on these aspects of this case."
In Fullerton v. Conan, 87 Cal.App.2d 354, 197 P.2d 59, decided by the District Court of Appeal, California, it was said:
"* * * Manifestly, the host was not responsible for such conduct on the part of the child. And, in that connection, it should be emphasized that the responsibility of the mother for the welfare of her child does not shift to the host upon a visit by the mother and child to the latter's residence. * * *"
The accident was indeed unfortunate and the child sustained grievous injuries, but we cannot find any ground upon which to hold John Alfonso guilty of negligence which was the proximate or concurrent cause of the accident.
The judgment, therefore, is reversed and it is now ordered that plaintiff's suit be dismissed at his costs in both courts.
Reversed.