BAILES, Judge.
This is a tort action brought by Horace Carter against Connecticut Fire Insurance Company and Raymond Boudreaux, Sr., to recover damages both for himself and his young son, Nick Carter, arising out of a collision that occurred on Louisiana Highway 401 between a 1964 Chevrolet automobile owned by defendant, Raymond Boudreaux, Sr., driven by his 20 year old daughter, Miss Lou Ann Boudreaux, whose public liability insurer was the other defendant, Connecticut Fire Insurance Company, -and a bicycle ridden by Nick Carter, a minor who lacked three months being 13 years of age.
Plaintiff alleged the accident was caused solely by the negligence of the driver of the vehicle. He sued for medical and hospital bills of $2,500 for himself, and seeks to recover $25,000 for the use and benefit 'of his son for physical pain and suffering and mental pain and anguish. The court a quo, after trial, denied the demands of the plaintiff in toto, and dismissed his suit. From this adverse judgment, plaintiff appealed.
Plaintiff alleges that on the 19th day of April, 1964, his son, Nick, was riding his bicycle in a westerly direction on said highway when his son was struck by an automobile proceeding in the same direction; that as a result of being struck by this automobile he suffered certain injuries to his body; and that the accident was caused solely by the following acts of negligence on the part of Miss Boudreaux, viz: In failing to keep her car under proper control; in failing to keep a proper look-out; in travelling at an excessive rate of speed; and in failing to use due care and caution commensurate with the circumstances then existing.
There were three witnesses who saw the accident. These witnesses were Nick Carter, the bicyclist, Miss Lou Ann Boudreaux, the driver of the vehicle, and the driver’s 15 year old sister who was seated to the right of the driver in the Boudreaux automobile. The plaintiff completely failed to prove his case. Young Nick Carter, who was almost 13 years of age at the time of the accident, testified he had been riding his bicycle in the vicinity of the accident for some time prior thereto. He stated immediately prior to being struck by the *726 Boudreaux vehicle his bicycle had thrown the chain and he had it turned upside down on the shoulder of the highway in an effort to put the chain back in place, that he heard a noise and then was run into by the Boudreaux vehicle.
The account of the accident as related by Miss Boudreaux, the driver, and her sister, the passenger, is completely different. She testified that the accident occurred about 100 feet east of a private road designated in the trial as the Bergeron road. She stated she was driving at a speed of about 45 to 50 miles per hour when she saw a boy on a bicycle ride from the shoulder on the left side of the road toward the right side. At this time she placed her position about 100 feet west of the private road. As soon as she saw the boy she blew her horn and applied her brakes. The boy proceeded to cross the road ahead of her, and after skidding a distance of about 100 feet in her lane of travel she struck him with the left front of her automobile. The evidence shows the Boudreaux car veered a few feet to the right and when it stopped it was partly on the hard surface and partly on the shoulder. This account of the accident was corroborated in all essential aspects by young Miss Boudreaux who was seated on the right front.
The State trooper who investigated the accident testified he found the point of collision to be-in the south lane of travel or the right lane going east about 100 feet east of the aforementioned private road. His investigation revealed the Boudreaux automobile had laid down about 100 feet of skid marks and had proceeded about 15 or 18 feet past the point of impact and came to a full stop partly in the east bound traffic lane and partly on the shoulder of the road. He further testified he found a bicycle tire skid mark in the highway and that the Boudreaux vehicle was damaged by the impact with the young Carter boy on the left front. At the scene he was told by the minor bicyclist that the was riding his bicycle from the left side of the highway across to the right side when he was struck. This admission was again made-to the trooper at the hospital. The evidence overwhelmingly demonstrates to us that the minor, Nick Carter, was riding the bicycle-at the time of the accident crossing the highway from the left to the right and was. struck while in the lane of travel lawfully-occupied by the Boudreaux vehicle. We. can give no credence whatever to the story of the Carter boy.
We are convinced, as was the-trial court, that the young bicyclist attempted to cross the highway without looking to-ascertain if the crossing could be made in safety. Obviously he did not look, because-had he looked he would have seen what was there for him to see and he is presumed' to have seen it. The road at this point was; straight for some distance to the west. The-trial court observed, in written reasons for-judgment, that this youth was of sufficient understanding and mentality to be guilty of' negligence. This fact does not seem to be controverted by plaintiff for his lack of responsibility is not argued or contended for in his brief. We find Nick Carter was-negligent in attempting to cross the highway in the face of the oncoming Boudreaux, automobile and that such negligence was the sole and proximate cause of the accident.
 Plaintiff argues the application of the doctrine of last clear chance. The burden of proving its applicability is upon-, the party asserting it, who in this case is-the plaintiff. The record is completely barren of any proof that Miss Boudreaux could have or should have discovered the-Carter boy before she, in fact, did discover him crossing the highway, or that she failed to do some act which she should have done-which would have averted the accident after-he entered the highway ahead of her. Upon seeing the boy come into the highway at-a point less than 200 feet ahead of her,, travelling about 45 to 50 miles per hour,, she immediately blew her horn and applied' her brakes and skidded to a halt just a few feet past the point where the boy was struck.. *727 The pre-requisites for the application of the doctrine of last clear chance are not present herein.
The plaintiff contends Miss Boud-reaux should have turned her vehicle to the left upon seeing the boy riding across the highway, and had she done this simple act she would not have struck the child. In retrospect, we must agree with that statement. However, it must be remembered that the driver was burdened with the duty of making an instant decision and the emergency which demanded this decision .and action was not of her making. We know now from what occurred that some .evasive action might have averted the injury, but we cannot hold Miss Boudreaux to the same cool deliberate determination of what might avert the occurrence as we can make of it at this time. She acted reasonably under the circumstances. We find no .negligence on the part of Miss Boudreaux.
Plaintiff further contends the trial court erred in following the ruling of the •case of Lambert v. United States Fire Insurance Company (La.App., 1962) 148 So.2d 406. What this court said in the Lambert case is very applicable to this instant case. 'There it was stated:
“[2] The lower court readily admits that it was negligence for this 14 year old boy to ride his bicycle into the north bound lane of the highway in the face -of approaching traffic. The lower court is correct for under these facts young Lambert is presumed to be guilty of negligence unless and until he offered facts •which would prove a justifiable legal -excuse or reason for being in the wrong lane of travel at the moment of the collision. This is so well settled that it needs no citation of authorities.”
We find the trial court correct in its •decision, and for the foregoing reasons the judgment appealed from is affirmed at ¡appellant’s cost.
Affirmed.