BOLIN, Judge.
Jenard M. Gross, individually and on behalf of his minor daughter, Stephanie, sues to recover damages resulting from a severe burn received by his daughter. The tort is alleged to have occurred on defendant’s premises on December 16, 1965, when the young child overturned some hot chocolate on her legs and thighs. Made defendant was the Downtowner of Shreveport, Inc., owner of the motel where the accident happened. From judgment rejecting his demands plaintiff appeals.
The sole issue is the determination of “fault” under Louisiana Civil Code Article 2315 and related jurisprudence pertaining to the duty owed to particular classes of persons.
Certain undisputed facts will be stated briefly before a further examination of the contradictory testimony. On the evening before the injury Mr. and Mrs. Jenard
Gross and their two children, ages S and 3, registered at the Downtowner Motel in Shreveport, Louisiana, where they occupied two rooms. The following morning Mr. Gross went to the coffee shop, had his breakfast, returned to the suite and bade his wife and two children goodbye. He then left on a business mission. Mrs. Gross and the children remained in the motel and the mother ordered food sent to the rooms on two occasions.
Each of the trays was delivered to the rooms by Robert Creighton, an employee of the motel. The second tray was delivered around 11:30 a. m. and located thereon, among other things, was the carafe of hot chocolate which later overturned causing the burns suffered by Stephanie.
The contradiction in the testimony relates to the details of the last delivery. Mrs. Gross testified her son was feverish and she had kept him in bed in an adjoining room and was in the process of taking his temperature rectally when Creighton, the porter, knocked on the door. She removed the chain from the door and let him in but told him to wait a minute. She further testified he was standing there when she returned from her son’s room; that he was still holding the tray; that she signed the ticket and tipped him. She said she again told him to wait a minute, giving as the reason for the request that she wanted to put the chain on the door as soon as he left. Stephanie was in the main room of the suite and Mrs. Gross said she told Stephanie not to touch the food. She said the young children had been arguing over what each would have and she wished them to eat at the same time. It was while she was removing the thermometer that she heard Stephanie scream and she rushed in to find the child almost hysterical. She determined from the stain and other physical evidence Stephanie had been burned by the hot chocolate.
Creighton related the occurrences as happening in the following sequence: he delivered the second tray to the Gross room *148 about 11:30 a. m.; it was a small tray with containers of coffee, chocolate, some orange juice and milk, together with glasses, cups and saucers; the first tray was sitting in the walkway outside the room; because numerous articles of cosmetics and clothing were on the dresser in the room, he removed the lamp from the lamp table and placed the tray there; Stephanie made an attempt to reach the orange juice and he admonished her to be careful because the chocolate or tray was hot and she desisted; Mrs. Gross told Stephanie to leave the tray alone or she would spank her; Mrs. Gross signed the ticket and returned to the room where her son was and he left; as he went out the door he heard Mrs. Gross tell Stephanie to “Leave it alone, because I will spank you.”
In his written reasons for judgment the trial judge treated the Gross family as invitees of Downtowner and applied to defendant the standard of care required of a host to invitees, i. e., that of reasonable care for their safety and particularly for the safety of three-year-old Stephanie. He referred to the cases of Taylor v. National Indemnity Company (La.App. 3 Cir. 1968), 215 So.2d 203, and Pampas v. Cambridge Mutual Fire Insurance Company (La.App. 4 Cir. 1964), 169 So.2d 200. In the cited cases the court observed that, although the host is not the insurer of invitees, where a small child is an invitee the obligation of the owner to protect unsuspecting persons becomes more onerous for the obvious reason that children are immature, their experience limited and hence, they are less aware of danger.
Viewing the facts in the light most favorable to plaintiff, the duty owed the Gross family by defendant would be that owed to invitees. However, we agree with the trial court that the real issue here is whether the motel porter or Mrs. Gross was responsible for Stephanie at the time the child spilled the chocolate upon herself. The lower court concluded the testimony was adequate to show Mrs. Gross had assumed the care of her child when she admonished her to leave the tray alone. There is no showing the employee of defendant had any further responsibility to take additional action toward the child. To the contrary, it would have probably been considered improper under the circumstances for Creighton to have further corrected the child.
We conclude the evidence is insufficient to warrant reversal of the lower court’s finding that no actionable negligence [fault] has been proved against defendant or its employee.
The judgment is affirmed at appellant’s cost.