ELLIS, Judge.
This case arises out of an accident between a truck owned by John W. Hunter, d/b/a John W. Hunter Landscape Contractors, operated by his employee Alfred Draper, and a bicycle ridden by plaintiff’s minor son, Bobby Wilks. Mr. Hunter died prior to the trial of the case, and was dismissed from the suit,.leaving as defendants Alfred Draper and National Surety Company, his liability insurer. At the trial on the merits, judgment was rendered in favor of defendants and against plaintiffs, dismissing plaintiffs’ demands. From that judgment, plaintiffs have appealed alleging that the court erroneously found Draper to be free from negligence.
Immediately prior to the accident, Draper was driving the truck in a westerly direction on Eugene Street, approaching its intersection with Daggett Avenue. At that point, Eugene Street is only fourteen feet in width. The two streets formed a “T” type intersection, with Daggett coming into Eugene from the north. To the left, or south, of the intersection is an unpaved *900 path traversing what would be the continuation of Daggett Avenue. The path is bordered along its easterly side by trees and bushes which restrict the view from the east of those using the path.
The record shows that the truck was going at a rate of speed of approximately ten miles an hour as it neared the intersection. About a half a block before the intersection, it had passed two other boys who had preceded young Wilks out of the path. Bobby Wilks, who was seven years old at the time of the accident, came out of the path and began to make a sweeping turn toward the east. Apparently he brushed against the front door of the truck and was hit by the flat bed body. The impact took place in approximately the center of Eugene Street, about three feet west of the easterly line of Daggett. Draper testified that, when he realized the boy was going to hit his truck, it was too late for him to avoid the accident, although he applied his brakes and cut to the right. The truck moved some fifteen or twenty feet after the accident and came to rest in the ditch on the northerly side of the road across Daggett Avenue.
There is no testimony in the record to refute the above circumstances. The plaintiffs claim that Draper should have seen the first two boys come out of the path, should have realized that other boys might be coming along the path, and should have observed Bobby Wilks in time to stop and avoid the accident. They claim alternatively that Draper had the last clear chance to avoid the accident.
It is conceded that Bobby Wilks was too young to be guilty of contributory negligence. The only question which we have to determine is whether or not Draper was guilty of any negligence whatsoever.
The location of the point of impact indicates that the truck was as far to the right as it could be driven on Eugene Street, and the testimony puts its speed at about ten miles per hour. The trial judge found that the foliage along the easterly side of the path was sufficiently dense to prevent Draper from seeing Bobby Wilks as he approached Eugene Street. Draper glimpsed Bobby as he entered Eugene Street from the path, but did not realize a collision was imminent until the boy was only one or two feet from the truck. It is evident that young Wilks was going about as fast as he could go, and that he was unaware of the presence of the truck. The photographs show that the distance from the path to the point of impact is such that a fast moving bicycle would traverse it in a second or less.
Under the above circumstances, we think that the trial judge properly concluded that the accident was unavoidable as to Draper. He was proceeding in his own lane of traffic, at a safe speed. We do not think that the presence of the other boys along the road, or the fact that they had come from the path, made it necessary that Draper anticipate the approach of a third boy. We agree with the trial judge that Draper was under no legal duty to see Bobby Wilks until he saw him, and that at that time there was nothing Draper could do to avoid the accident.
It is equally apparent that the doctrine of last clear chance has no application under the above circumstances. We have already found that Draper had no chance at all to avoid the accident once he discovered the presence of Bobby Wilks, and that he had no legal duty to see him any sooner.
We find that Draper was not guilty of negligence under the circumstances of this case.
The judgment appealed from is affirmed at plaintiffs’ cost.
Affirmed.