MILLER, Judge.
Two racing bicyclists ran a red light and were struck by a motorist traveling 20 miles per hour on the favored street. The trial court held that the motorist had the last clear chance and awarded damages for injuries suffered by the bicyclists. Defendants appealed and plaintiffs answered seeking larger awards.
We find that the last clear chance doctrine does not apply and reverse.
During daylight hours on July 29, 1968, Mrs. Bulliard’s daughters Jeanne, age 10, and Juliette, age 13, were visiting relatives who live on Theatre Street, one-half block north of Port Street in St. Martinville. Jeanne, on her first ride on her new bicycle, and Juliette, on a borrowed bicycle, decided to race with their cousin Lisa Willis. They were racing heading south on Theatre Street and saw the red light requiring them to stop, but continued racing through the intersection. Juliette was leading with Jeanne close behind. Lisa was able to avoid the collision.
Gerald LeBlanc, a salesman for Fortier Lincoln-Mercury, Inc., was driving a new Lincoln Continental east on Port Street. The traffic signal was suspended above the center of the intersection. It was green for eastbound traffic for some time before LeBlanc entered the intersection and he checked before entering the intersection to see if it would change. It did not change.
He did not see the bicyclists until a moment before impact. He did not re *33 member checking to the left before entering the intersection but testified that he usually checked both directions as he approached all intersections. He did remember checking the traffic signal as he approached.
Juliette almost cleared the intersection before impact, but the rear of her bicycle was struck by the right front bumper of the Continental when the rear wheel was approximately 10 feet south of the traffic signal. She received only slight injuries. Jeanne was also struck by the right front of the Continental but about 10 to 15 feet east of the point where Juliette was struck.
The intersection has buildings or shrubs adjacent to the northeast and southeast corners of the intersection. There are tall shrubs located 20 feet from the northwest corner of the intersection which block visibility in the direction from which the children were riding. The southwest corner of the intersection is also obstructed and is occupied by a St. Martin Parish school. All .parties acknowledge that children play on the school grounds.
According to a plat accepted by all parties, when LeBlanc reached a point 70 feet west of the traffic light, he could for the first time see an object in the proper southbound lane of traffic when it was about 65 feet north of the traffic light. The traffic light was suspended in the center of the intersection (24 feet south of the point where Theatre Street entered the intersection and 24 feet east of the point where Port Street entered the intersection) .
LeBlanc’s driving position in the Lincoln Continental was approximately eight feet behind the Continental’s front bumper. Therefore, the front end of the Continental was only 38 feet from entering the intersection when LeBlanc could first get a glimpse of the racing bicycles when they were also approximately 38 feet from entering the intersection':
The trial court was of the opinion that LeBlanc had a clear view of the bicycles approaching from his left. We do not agree. In written reasons the court stated that
“ * * * Gerald LeBlanc was in a position where he could and should have discovered the peril of the young bicyclists. The survey shows that LeBlanc had a clear view of the road to his left and, even though he was travelling with a green light, with the clear view to his left, he should have seen them and been in a position to alert himself to possible trouble. It should be remembered that the accident happened in an area near St. Martin High School where traditionally people play frequently. Although the defendant was not a citizen of St. Martinville, he was well aware of the location of the school and the vicinity.”
But the school was to LeBlanc’s right. The children approached from LeBlanc’s left. Under the circumstances related by the trial court, LeBlanc’s duty to be alert for children approaching from the school grounds to his right, together with his duty to watch for a change in the electric traffic signal, were substantially more important than LeBlanc’s duty to look for racing bicyclists approaching from behind shrubbery located to his left.
If a motorist traveling 20 miles per hour into an intersection with the green light must anticipate the problem with which Le-Blanc was confronted, the right of way would mean very little.
We find LeBlanc had no duty to see the children in time to avoid the accident. Even though confronted with a red light, these children raced their bicycles into an intersection which was blind to their left with substantially restricted visibility to their right. The motorist was obligated first to watch for a change in the traffic light, and secondly for children at play on the school grounds to his right. The motorist is not bound to anticipate that the traffic signal will be ignored. He is not required to devote his attention to obstruc *34 tions to see if someone will come racing from behind the obstruction.
 A motorist on the favored street may lawfully assume that one traveling the inferior street will obey the red traffic signal. It is now well settled that it is only in exceptional circumstances, where the motorist on the favored street could have avoided the accident by the exercise of the slightest sort of observation and care, that he will be found derelict. Bourgeois v. Francois, 245 La. 875, 161 So.2d 750 (1964).
Plaintiff relies on the cases of Reeves v. State Farm Mutual Automobile Insurance Company, 149 So.2d 230 (La.App. 2d Cir. 1963) and Biggs v. Verbois, 151 So.2d 172 (La.App. 1 Cir. 1963).
We distinguish these cases. In Reeves, the accident occurred at a T-intersection where there were no stop signs or other signal devices. The motorist was speeding and observed the young boy on the bicycle when he was 90 to 100 feet from, the boy. The motorist skidded 64 feet to reach the point of impact. In Biggs, the 11 year old bicyclist “slowly” ran the stop sign. The motorist was proceeding five times faster than the bicyclist, and should have seen the bicyclist when she was 150 feet from the intersection.
Our facts are substantially different. The motorist here had a green light and the bicyclists a red light. The motorist was not speeding, but was traveling at the same speed as the bicyclists. The motorist’s view of traffic approaching the intersection from .his left was obstructed until he reached a position when the front of his car was 38 feet from entering the intersection.
The trial court erred in applying the doctrine of last clear chance. Judgment is rendered in favor of defendants Fortier Lincoln-Mercury, Inc. and Hardware Mutual Casualty Company rejecting the. demands of Mrs. Tullie Ozenne Bulliard, individually and as administratrix of the estates of her two minor daughters, Jeanne Bulliard and Juliette Bulliard. Costs both at trial and on appeal are assessed to plaintiff.
Reversed and rendered.