MILLER, Judge.
A southbound bicyclist failed to obey a YIELD sign at a blind intersection and was struck by an eastbound motorist traveling the favored street. The trial court awarded damages to the bicyclist and her father on a finding that the sole proximate cause of the accident was the negligence of the motorist. We reverse. We find that the negligence of the bicyclist was also a . legal cause of the accident.
The accident occurred at about 4:40 p. m. on June 3, 1969 at the intersection of Carver and Progressive Streets in the City of Lake Charles. Both streets are concrete. Progressive Street runs east and west and the south end of Carver Street “T’s” into Progressive Street. A YIELD sign requires southbound traffic on Carver to yield before entering Progressive Street. Traffic proceeding south on Carver cannot see eastbound traffic approaching from the west on Progressive (and vice versa) because of dense trees and shrubs growing to a point within four or five feet of the northwest corner of the intersection.
At the time of the accident Simona Guil-lory was 10 years and 11 months old. She had passed from the fifth to the sixth grade and was an average student. She knew that southbound traffic on Carver was required to yield the right-of-way to traffic on Progressive. She testified that she stopped before entering Progressive Street, but this was expressly denied by the only other eyewitness to the accident that was called as plaintiff’s witness. This witness was engaged in the bicycle race which was won by Simona, but failed to finish because he fell shortly after the race started. The third bicyclist in the race and the child standing at the finish line were not called as witnesses. The trial judge is amply supported in his finding that Simona failed to yield the right-of-way.
Simona and at least two other bicyclists were racing in a southerly direction on Carver Street. The race was to end near the corner of the intersection of Carver and Progressive. In a discovery deposition, Simona testified that the race was to end “at the corner”. At trial, she and the only other participant in the race to testify, placed the finish line at a line located three bicycle lengths north of the intersection. There was a child stationed along that line to determine the winner. After Simona passed the finish line, she looked back in the direction of this child. Simona admitted several times that she never saw the Boudreaux vehicle which approached from her right until after she had been struck.
Simona had been racing down the center of Carver Street and slowed but continued into the intersection along that line. When she reached a point slightly south of the center of Progressive Street she was struck by the front bumper of the Boud-reaux vehicle. At impact the child’s position with relation to the front bumper was a point between the center of the front end of the car and the right headlight. The car stopped immediately after impact. Si-mona and the bicycle fell to Simona’s left and both came to rest in front of the right front of the car.
Boudreaux testified that he was traveling down the center of Progressive Street because two vehicles were parked on the south side of Progressive Street. The closest of the two vehicles was about sixty feet from the intersection. The only other child visible before he reached the intersection was approximately ISO feet east of the intersection. He testified that he saw Si-mona coming (from the blind side) “fast for a bicycle” when she was about 10 to 15 feet from the intersection (in his testimony at trial) and 8 to 12 feet from his car (in his pretrial answer to interrogatories). He immediately applied his brakes and stopped at impact.
The posted speed limit for eastbound traffic was 15 mph and Boudreaux admit *201 ted that he saw one speed limit sign and also a posted sign stating “CHILDREN AT PLAY”. Boudreaux testified that he was driving 10 to IS mph, but this testimony was rejected by the trial court on a finding that his vehicle laid down approximately 20 feet of skidmarks, 16 feet of which were under the vehicle when it came to rest. Plaintiff’s witnesses admitted that they did not measure the skidmarks and only estimated their length. In his deposition, Simona’s father estimated that the skidmarks were under the car and went for a distance of three feet behind the car. Photographs made some six weeks after the accident did not show skidmarks. Several people who lived near the scene of the accident testified that they heard the tires squeal and this caused them to check to see what had happened. They found Simona and her bicycle in front of the Boudreaux vehicle. The front of Boudreaux’s vehicle was stopped straddling the centerline of Progressive Street with its front end in line with a projection of the center of Carver Street.
Simona’s failure to obey the YIELD sign was a legal cause of the accident. Furthermore, the physical facts lead to the conclusion that Simona could have avoided this accident by proceeding slightly to her left after she entered the intersection. Had she looked to her right where she was required to look, she would have seen the Boudreaux vehicle in ample time to have moved to her left the slight distance needed to pass in front of the position where the Boudreaux vehicle came to rest following the emergency stop. Simona owed a duty to look to her right before entering AND as she entered this blind intersection. Her failure to obey the YIELD sign and her failure to keep a proper lookout as she entered were both legal causes of this accident. Bulliard v. Fortier Lincoln-Mercury, Inc., 241 So.2d 31 (La.App. 3 Cir.1970); Wilks v. Hunter, 230 So.2d 899 (La.App. 1 Cir. 1970); Carter v. Connecticut Fire Ins. Co., 189 So.2d 724 (La.App. 1 Cir. 1966).
A motorist is not an insurer of the safety of small children. Barnes v. State Farm Mutual Automobile Insurance Company, 229 So.2d 440 (La.App. 3 Cir. 1969).
A bicyclist is subject to the general laws of the State relative to the use of vehicles on the highway. Vincent v. Superior Iron Works and Supply Company, 170 So.2d 184 (La.App. 4 Cir. 1964).
A minor 10 years of age at the time of the accident will be barred from recovery by contributory negligence which is a legal cause of the accident. White v. Hanover Insurance Company, 201 So.2d 201 (La.App. 1 Cir. 1967).
The judgment of the trial court is reversed and plaintiff’s suit is dismissed. Costs are assessed to plaintiff appellee.
Reversed and rendered.