PRICE, Judge.
On this appeal we are concerned with the question of liability of the owners of residential property for the injury sustained by a seven-year-old child while playing on the ladder of a tree house in the backyard of their premises.
Stanley Garison, Jr., filed this tort action individually and on behalf of his minor daughter, Cynthia Ann, naming as defendants Leroy Wells, his wife, Jean Wells, and First of Georgia Insurance Company, their insurer under a homeowners liability policy. Damages for personal injuries to the child in the amount of $45,000 are sought and reimbursement of the sum of $2,329.70 to plaintiff for sums expended on his daughter for medical and related items is requested.
Defendants deny any negligence on the part of Mr. or Mrs. Wells causing the injury to Cynthia Ann, and plead contributory negligence and assumption of the risk by the child as special defenses barring her right to recover. A third party demand was filed by defendants naming the parents of Cynthia Ann as third party defendants and alleging that should the placement of the metal ladder against the tree be found to be foreseeably dangerous to small children, then Mr. and Mrs. Garison were negligent as parents in allowing Cynthia Ann to play in the Wells’ backyard, knowing the metal ladder was being used by children to gain access to the tree house. Third party plaintiffs ask that they be given judgment against third party defendants for the full amount of any judgment rendered against them for personal injuries to Cynthia Ann, and, in the alternative, for one-half of the judgment should it be determined that the injury was caused by the joint and concurring negligence of Mr. and Mrs. Wells and Mr. and Mrs. Garison.
After trial on the merits, judgment was awarded in favor of plaintiffs for the sum of $2,500 for personal injuries to Cynthia Ann and $1,124.70 to Stanley Garison, Jr. for expenses incurred on behalf of his minor daughter.
The trial court found Mr. and Mrs. Gar-ison were also negligent and awarded judgment against them and in favor of third party plaintiffs for one-half of the amount of the judgment on the primary demand. From this judgment all parties have appealed.
The résumé of the facts giving rise to this litigation is concisely stated by the trial judge in his written opinion as follows :
“The facts involved are not in substantial dispute. Mr. and Mrs. Wells had lived at 4015 Wayne Avenue in Bossier City from about July of 1966 until the date of the accident on September 10, 1968, and the tree house in the tree behind their home was there when they *822 moved in. The Wells had two boys, ages eleven and fourteen at the time of the trial. The children in the neighborhood, including Cynthia Ann Garison, played in the yard with the defendants’ boys and climbed in and out of the tree house.
Access to the tree house had formerly been gained by a series of boards nailed to the side of the tree, but one of the defendants’ boys, because of some sort of radio equipment he and a friend had in the tree house and to prevent the younger children from gaining access to the tree house at that time, took off the lower boards, making it impossible for the smaller children to climb the tree into the house. In order to gain access to the tree house themselves this Wells child and his friend made use of a metal ladder which he leaned against the tree at various times. This ladder is shown in photographs filed in evidence as P-6 and D-l. Its exact length and weight was not known by any of the persons testifying, but it was described as being from eight to ten feet long and rather heavy.
On the day in question, Cynthia Ann Garison, one of five children in the Gar-ison family, had been left at home by her parents under the supervision of her 16 year old brother, Ronald. She went next door into the Wells’ back yard, which is enclosed by a fence and was playing with a younger child, Bryan Callahan, in the back yard while Bryan’s mother had coffee with Mrs. Wells in the Wells’ home.
The metal ladder was leaned against the tree and Cynthia Ann Garison had climbed to a point near the top of the ladder where she said she was sitting on one of the rungs. Bryan Callahan was on the second or third rung of the ladder at the time his mother called to him that she was ready to leave. When Bryan heard the call, he jumped from the ladder to the ground and the ladder then fell on top of Cynthia Ann, breaking her left arm.”
The questions presented for resolution on this appeal are four-fold: (1). Was the trial court correct in finding negligence on the part of Mr. and Mrs. Wells which proximately caused the injury? (2). Was Cynthia Ann guilty of contributory negligence? (3). Did the trial court properly find negligence on the part of the parents of Cynthia Ann, rendering them equally responsible for the injury to their daughter? (4). In the event the finding of negligence by the Garisons is upheld, then should not this bar Stanley Garison’s individual right to recover special damages?
To allow plaintiffs to recover in tort, the evidence must establish that defendants, Mr. and Mrs. Wells, were guilty of negligence causing the injury to the child, thus rendering them at “fault” in accordance with the provisions of La.Civ.Code art. 2315. In order to find liability on the part of Mr. and Mrs. Wells, it must first be shown that some duty owed Cynthia Ann had been breached which was a proximate cause of the injury. We do not consider it necessary to resolve the question of whether the tree house and ladder combination was an “attractive nuisance.”
We prefer to approach the determination of the question of negligence by application of the test of reasonable foreseeability. Negligence should only be imputed to a landowner for the maintenance on his premises of an instrumentality which causes harm to a child if presence of children is reasonably foreseeable and their use of the instrumentality might result in injury.
The probability of harm resulting from the use of certain instrumentalities may be remote as related to older children yet become very great when younger children are involved. The evidence shows Cynthia Ann and other neighborhood children frequently played in the backyard of the Wells’ residence, to the knowledge of Mr. and Mrs. Wells and with their acquiesence. On the date of the accident Mrs. Wells *823 was aware that Cynthia Ann and the young child of her visiting friend, Mrs. Callahan, were in the backyard playing. In fact, one of the Wells children, an eleven-year-old son, had previously been playing with Cynthia Ann in the tree house a few minutes prior to the accident and had temporarily gone into the house when the incident occurred.
We agree with the trial court’s conclusion that the Wells were negligent in allowing the use of the heavy metal ladder against the tree trunk to gain access to the tree house where it was known that young children frequently played on the premises and climbed into the tree house, and that this negligence was the proximate cause of Cynthia Ann’s injury. It is not unusual for two or more children, too young to appreciate the danger, to attempt to use the ladder at the same time and in their playful haste push the ladder away from the tree, causing it to fall. This is a reasonably foreseeable event and the owners of the premises, Mr. and Mrs. Wells, should have taken proper precautions to have either seen that the ladder was removed after use by the older children, or have fastened the ladder securely at the top to have fulfilled their duty to protect younger children from injury. Even though Mrs. Wells testified she had warned all of the children who played in her yard not to use the tree house, she knew they were disobeying her instructions and did nothing to stop their continued use of this facility.
We do not find Cynthia Ann was guilty of contributory negligence. Although she admitted she had been warned by her parents not to climb into the tree house while on the Wells’ premises, she was only seven years of age, and, in our opinion, had not reached the age of fully realizing the dangers inherent in using a ladder of this type. Having watched the older children use the ladder and play in the tree house, it could be expected that a child her age could not resist the temptation to follow suit.
The trial court found the parents of Cynthia Ann also negligent for leaving her with only her sixteen-year-old brother to supervise her on the afternoon of the accident. We concur in the finding of joint negligence on the part of Mr. and Mrs. Garison, but for different reasons. The evidence reflects the Garisons were thoroughly familiar with the instrumentality situated in the Wells’ backyard on which Cynthia Ann was injured. Although they testified they had warned Cynthia Ann not to climb the ladder when playing at the Wells’ house, they should have known of the attractiveness of a tree house to a child her age and have taken proper measures to keep their child from being exposed to this temptation. They were equally aware of the foreseeability of harm resulting from the use of the ladder in connection with the tree house as the owners of the premises where it was situated. The jurisprudence of this State has consistently recognized the duty of parents to properly supervise their minor children. Gross v. Downtowner of Shreveport, Inc., 228 So.2d 146 (La.App. 2d cir. 1969); Pampas v. Cambridge Mutual Fire Insurance Co., 169 So.2d 200 (La.App. 4th cir. 1964).
The trial court erred in allowing Stanley Garison, Jr., to individually recover for special damages after finding he was guilty of negligence proximately causing the injury to his minor daughter. A plaintiff who is guilty of negligence proximately causing the injury is barred from any recovery.
For the foregoing reasons the judgment appealed from is amended to reject the individual demands of the plaintiff," Stanley Garison, Jr., for expenses paid on behalf of his minor daughter, Cynthia Ann, and in all other respects the judgment appealed from is affirmed. Costs of this appeal are to be prorated equally between Stanley Garison, Jr., individually, and defendants, Leroy and Jean Wells, and their insurer, First of Georgia Insurance Company.
Amended and rendered.