440 So.2d 938 (1983)
Bertha M. GLADNEY, Individually and as Tutrix of Trellis M. Gladney, Plaintiff-Appellant,
v.
Jerry C. CUTRER, Jr., et al., Defendants-Appellees.
No. 15737-CA.
Court of Appeal of Louisiana, Second Circuit.
October 24, 1983.
Writ Denied December 16, 1983.
Leroy H. Scott, Jr., Harold D. Vaught, Shreveport, for plaintiff-appellant.
Lunn, Irion, Switzer, Johnson & Salley by Julie Mobley Lafargue, Shreveport, for defendants-appellees.
Before MARVIN, JASPER E. JONES and SEXTON, JJ.
MARVIN, Judge.
Plaintiff appeals a judgment rejecting her demands in a personal injury action she brought on behalf of her nine-year-old son who drove his bicycle on the highway and into the path of defendant's automobile on February 25, 1979.
Plaintiff contends the trial judge erred in finding defendant was not negligent and that even if her son was contributorily negligent, the principle of Baumgartner v. State Farm Mut. Auto. Ins. Co., 356 So.2d 400 (La.1978), which benefits pedestrians in crosswalks, should be extended to similarly benefit a child on a bicycle. We affirm.
Viewing the evidence most favorably toward defendant, we find the trial court's conclusions to be supported by the record and not clearly wrong. Ford Motor Credit Co. v. Diffey, 378 So.2d 1032 (La.App. 2d Cir.1979). Plaintiff's son was proceeding southerly on the Bellevue-Fillmore highway and was being overtaken by two vehicles, a pickup truck being driven by defendant's friend, and an automobile about 1½ to 3 car lengths behind the pickup, being driven by defendant. Defendant and his friend, returning from a fishing trip, were communicating by CB radio. When plaintiff's son noticed the overtaking truck, he moved *939 from the southbound lane, crossing the northbound lane, and onto the shoulder of the northbound lane. Defendant's friend warned defendant by radio of the presence of the boy on the bicycle just as the truck passed the boy. Almost simultaneously, plaintiff's son reversed his path, left the shoulder and pedalled across the northbound lane and into the path of defendant's car. Defendant slowed down from a speed of about 40-45 mph when he was warned about the boy. When he saw the bicycle coming toward him he applied his brakes. His automobile skidded and the right rear side struck the boy and the bicycle near the center of the highway.
The trial court observed, "it is clear that the events occurred very quickly and defendant had little time to do more than apply his brakes ... [he was] faced with a sudden emergency ... [and] his reaction was reasonable."
A bicycle rider is subject to the same traffic laws as is a driver of a motor vehicle. LRS 32:195. A child of nine or ten years of age, with reasonable intelligence, is capable of negligence and contributory negligence and a motorist is not the insurer of the safety of such a child. Robertson v. Travis, 393 So.2d 304 (La.App. 1st Cir.1980); Guillory v. Fidelity & Casualty Co. of New York, 251 So.2d 199 (La.App. 3d Cir.1971). See also Jones v. Firemen's Insurance Co. of Newark, N.J., 240 So.2d 780 (La.App. 2d Cir.1970). A motorist may be negligent if he sees a child on a bicycle in a position of peril and has time and distance in which to slow his vehicle or stop it. Kelly v. Messina, 318 So.2d 74 (La.App. 4th Cir.1975). Kelly, however, presented a classical last clear chance or discovered peril case on the facts unlike the circumstances presented here.
Baumgartner allows recovery by a pedestrian in a crosswalk who is contributorily negligent in proceeding into the path of a driver who saw or should have seen that pedestrian and who had the opportunity to avoid injury to the pedestrian.
"Further, where injury results, the burden should fall on the motorist who, with the exercise of care reasonable under the circumstances, saw or should have seen the impending peril and had, at that moment, the opportunity to avoid it." 356 So.2d at p. 405.
"If he fails to see a pedestrian in a position of peril when he should have, the motorist is at fault and is responsible. A motorist who could have avoided injury to a pedestrian by the exercise of care which is reasonable under the circumstances is at fault, and is responsible. The motorist cannot escape liability by proving that the pedestrian, admittedly in peril because of his own negligence, could have avoided injury more quickly than the motorist." 356 So.2d at p. 406.
The Baumgartner principle relieves the pedestrian of his or her contributory negligence where the motorist sees or should have seen the pedestrian. Baumgartner does not apply either to a pedestrian or a bike rider where the motorist is not at fault.
For the detailed and written reasons given by the trial judge, which we have here summarized, the judgment, at appellants' cost, is AFFIRMED.