499 So.2d 146 (1986)
Betty S. MOORE, Individually and as Tutrix of Tonya White, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.
No. 18058-CA.
Court of Appeal of Louisiana, Second Circuit.
October 29, 1986.
*147 Travis M. Holley, Bastrop, for appellant.
Hayes, Harkey, Smith & Cascio, by Charles S. Smith, Monroe, for appellee.
Before JASPER E. JONES, NORRIS and LINDSAY, JJ.
NORRIS, Judge.
This is a suit for personal injuries. The plaintiff, tutrix of eight-year old Tonya White, appeals a judgment rejecting her demands for damages sustained in a collision between a bicycle and a truck. We affirm.

FACTS
Tonya White was riding her bike from her aunt's house at 7:30 p.m. on May 6. She was going east on Pleasant Street toward its intersection with Arrant Street in Bastrop. Pleasant Street is a standard, two-lane blacktop road and Tonya was riding in the left lane, close to the center line. Kevin Cockrell, insured by State Farm, was driving down the same street in the same direction at about 30 m.p.h. He was driving a blue Chevy Blazer and was keeping in the right lane. He first saw Tonya about 150 or 200 yards down and he slowed to 20 m.p.h.
When Cockrell drew near, he and Tonya were both close to the intersection. He continued to slow down; Tonya began to make a turn. She rode into the intersection and, according to Cockrell, appeared to begin turning left or south on Arrant. Then she allegedly swooped around in a full circle and turned north on Arrant, heading directly toward the path of Cockrell's truck. She never signalled or looked back into traffic. As soon as he realized she was going to turn right after all, Cockrell blew his horn, slammed on his brakes and veered to the right. Tonya still struck Cockrell's truck, which was virtually stopped. She hit the truck on the driver's side, between the front left wheel and the signal light. The impact knocked down the bike with Tonya still on it.
By the time Cockrell got out of the truck, Tonya was back on her feet. She said she was not hurt but she was shaken, nervous and scratched up in a few places. She rolled her bike off the street. A neighbor drove her back to the aunt's house where her mother, Mrs. Moore, collected her and carried her to the hospital. Cockrell reported the accident later that evening.
Fortunately, Tonya's injuries were not great. At the hospital she was examined for a bruised right shoulder and abrasions on her right elbow and both feet. She was discharged. She missed one day of school and had to restrict her physical activities for three days. According to Mrs. Moore, it took her three weeks to get well. Fifteen days after the accident, on May 21, Tonya was complaining of pain in the lower tail-bone so Mrs. Moore took her to Dr. Webb. Dr. Webb found tenderness in the sacroccygeal region and put her on heat treatments and Tylenol. He discharged her on June 11. Tonya did not see him *148 again for another six months, when she came to him a few days before trial, complaining of shoulder pain that could have resulted from the accident.

DISCUSSION
The only issue on appeal is whether the trial court erred in finding Cockrell not negligent and assessing all the fault to Tonya, thus foreclosing her damage claim. The appellant correctly asserts that a motorist who spies a child on a bike ahead is held to a very high standard of care. This is because the child's conduct may be sudden and unpredictable. Robertson v. Penn, 472 So.2d 927 (La.App. 1st Cir.1985), writ denied 476 So.2d 353 (La.1985), and citations therein. The standard of care also acknowledges the immensely superior instrumentality of a massive automobile as compared to a relatively small, unprotected bicycle.
We also acknowledge, however, that a motorist is not the insurer of a cyclist. When a driver has employed all reasonable precaution to avoid an accident and a sudden act of a child creates an emergency rendering it impossible for the motorist to avoid striking the child, the accident is considered unavoidable and the motorist is not liable. Keel v. Thompson, 392 So.2d 713 (La.App. 3d Cir.1980); Gladney v. Cutrer, 440 So.2d 938 (La.App.2d Cir.1983), writ denied 443 So.2d 596 (La.1983). Most importantly, each case will turn on its own particular facts. Keel v. Thompson, supra; Fusilier v. City of Houma, 421 So.2d 418 (La.App. 1st Cir.1982).
The trial court found that Tonya's boomerang turn made the accident unavoidable. He also found that Cockrell did everything he could under the circumstances and we agree. He slowed considerably as he approached the bicyclist and was virtually stopped when the collision occurred. We have examined the photos of the truck and note two very light dents that correspond to handlebars. If both the truck and the bike had been in motion, the damage would have been much greater. We think that Cockrell can be in no way negligent when he slowed his truck, honked his horn, swerved out of his path, stopped the truck and then was hit by the bicyclist. He took great precaution.
We reiterate the very high duty of care that motorists like Cockrell owe to bicyclists like Tonya. It is difficult for a motorist in one of these situations to absolve himself, and we are reluctant to hold that he did, but in exceptional cases he may do so. This is one of those cases.
As for the fault of the bicyclist, we must first determine whether the eight-year old is capable of negligence. The general rule is that a child may be held negligent but is not held to the same standard of care as an adult. The test is whether the particular child, considering his age, background and inherent intelligence, indulged in gross disregard of his own safety in the face of a known risk, understood and perceived the danger. Carter v. City Parish Gov't of East Baton Rouge, 423 So.2d 1080 (La.1982).
We realize that the negligence of eight and nine-year olds is troublesome for courts.[1] but we are convinced that Tonya showed sufficient understanding, perception and intelligence to make her capable of negligence. She was eight years old and made As and Bs in school. She testified intelligently, if guardedly, both at trial and in deposition. She said her teacher at *149 school had instructed her how to make hand signals. She had done a lot of riding in the area where the accident occurred but had not used the street very often. We feel she was smart enough and knew enough about bike riding to understand and perceive that the street posed special danger. Under these circumstances, Tonya was capable of negligence.
As for her particular acts of negligence there is really no question that she acted in gross disregard for her own safety. She was on the wrong side of the road. LSA-R.S. 32:197 A. She is otherwise bound by the rules of the traffic. LSA-R.S. 32:194; Gladney v. Cutrer, supra. She broke these rules by not giving a turn signal even though she testified she had been taught how to do so. She did not keep a lookout but rode carelessly into Cockrell's path; she made no effort to avoid the accident, but apparently rode directly into the side of Cockrell's truck. This is ample evidence from which the trial court could hold her at fault. Towns v. Georgia Cas. & Sur. Co., 459 So.2d 124 (La.App.2d Cir.1984).
For these reasons, the trial court's judgment is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] We have held, with other courts, that a seven-year old is too young to be found contributorily negligent. Garison v. Wells, 262 So.2d 820 (La. App.2d Cir.1972); Smith v. Preferred Risk Ins. Co., 185 So.2d 857 (La.App.3d Cir.1966); Jackson v. Jones, 224 La. 403, 69 So.2d 729 (1954); Bodin v. Texas Co., 186 So. 390 (La.App. 1st Cir.1939). By age nine, children are more likely to be found capable of negligence, Gladney v. Cutrer, supra, but are frequently excused by the circumstances. Kontomitras v. NOPSI, 314 So.2d 441 (La.App. 4th Cir.1975); Outlaw v. Bituminous Ins. Co., 357 So.2d 1350 (La.App. 4th Cir.1978), writ denied 359 So.2d 1293 (La.1978). Our research has found one eight-year old who was found negligent and one who was not. See Thibodeaux v. Fireman's Fund Ins. Co., 325 So.2d 318 (La.App.3d Cir.1975); Curry v. Fruin-Colnon Contr. Co., 202 So.2d 345 (La.App. 4th Cir.1967).